O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMA SOLANO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN DE DIOS FIGUEROA, an individual, MISSIONS FOODS, a business entity of unknown nature, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. EDCV 08-833-VAP (PLAx)<br><br>**[Motion filed on July 15, 2008]**<br><br>**ORDER DENYING MOTION TO REMAND** |

　　Plaintiff's Motion for Remand came before the Court for hearing on August 18, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court DENIES Plaintiff's Motion for Remand.

///

///

**I. BACKGROUND**

Plaintiff filed a Complaint ("Compl.") on March 10, 2008 in California Superior Court for the County of San Bernardino, naming as Defendants Juan De Dios Figueroa and Mission Foods. On June 20, 2008, Defendant Gruma Corporation (erroneously sued as Mission[1] Foods) removed the case to this Court and filed an Answer.

Plaintiff filed this Motion to Remand ("Mot.") and a Declaration of Ramin R. Younessi on July 15, 2008.[2] On August 4, 2008, Defendant Gruma Corporation filed an Opposition ("Opp'n"), supporting declarations, and Evidentiary Objections to the Younessi Declaration ("Def.'s Objections"). Plaintiff did not file a Reply, but on August 12, 2008, filed an Objection to Exhibit A to Defendant's Opposition ("Pl.'s Objections").[3]

---

[1] The caption of the Complaint erroneously names "Missions" Foods, but in her Opposition to this Motion, Plaintiff refers to "Mission" Foods.

[2] The Court reminds Plaintiff that she is required to follow the Local Rules, particularly Local Rule 11-3.1.1, which instructs them to use 14-point font when filing documents with the Court.

[3] Pursuant to the Court's Standing Order, counsel must deliver courtesy copies of all e-filed documents to the Court no later than noon on the day following the date of e-filing. Plaintiff e-filed its Objections on August 12, 2008, but failed to provide a courtesy copy to the Court. The Court directs Plaintiff to ensure all future filings comply with the Court's Standing Order.

## II. EVIDENTIARY OBJECTIONS

In deciding the Motion to Remand, The Court does not rely on the Younessi Declaration.  Accordingly, the Court need not consider Defendant's Objections to the Younessi Declaration.

In deciding the Motion to Remand, The Court does not rely on the Exhibit A to the Decker Declaration. Accordingly, the Court need not consider Plaintiff's Objections to Exhibit A.

## III. LEGAL STANDARD

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441 et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Removal is inappropriate when the district court would not have original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  A case shall be remanded when the

court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Defendant Gruma Corporation removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1132.[4] The Court has jurisdiction under § 1332 if all plaintiffs are diverse from all defendants and if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. Here, Plaintiff argues the Court lacks subject matter jurisdiction because while he is a California resident, either Mission Foods or Figueroa, or both, are not citizens of California and because the amount in controversy does not exceed $75,000.  (Mot. at 3.)

When, as here, a plaintiff brings a motion to remand, the defendant bears the burden of establishing by a preponderance of the evidence that the court has jurisdiction.  See Gaus, 890 F.2d 564 at 566; Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

---

[4] Plaintiff does not raise the issue of whether all defendants joined in the removal.  See Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). Plaintiff has waived any objection to this procedural defect in removal by failing to raise it within thirty days of removal.  See Harris v. Hyman, 664 F.2d 943, 944-45 (5th Cir. 1981).  Moreover, the Court lacks authority to remand the case sua sponte for such a defect.  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003).

4

**A.   Citizenship of Mission Foods / Gruma Corporation**

For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332 (c).  Here, Defendant Gruma is incorporated in Nevada.  (Opp'n at 7.)  It provides evidence that a substantial portion of its employees, tangible property and production activities, including its corporate headquarters and the offices of its top executives, are located in Texas.  (See Isaac-Jones Decl. ¶ 6-8.)  Thus, Defendant Gruma is a citizen of Texas or Nevada for purposes of diversity jurisdiction, and its citizenship is diverse from that of Plaintiff.

**B.   Citizenship of Figueroa**

For purposes of determining diversity, a person is a citizen of the state in which he or she is domiciled, i.e., where the person resides and intends to remain. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A resident alien is deemed a citizen of the state in which he or she is domiciled.  See 28 U.S.C § 1332(a). Diversity must exist both at the time of filing and at the time of removal.  United Food Local 919 v. Centermark Properties, 30 F.3d 298, 301 (2d Cir. 1994). Accordingly, diversity exists here only if Defendant Figueroa was a citizen of a state other than California

///

both when Plaintiff filed this case on March 10, 2008, and when Defendant removed the case on June 20, 2008.

Here, Defendant Figueroa is a resident alien who moved from California to Nevada on September 17, 2007, has resided in Nevada since then, and intends to remain there indefinitely. (Figueroa Decl. ¶¶ 2, 4, 5.) Thus, he is a citizen of Nevada for purposes of diversity jurisdiction, and his citizenship is diverse from that of Plaintiff.[5]

## C. Amount in Controversy

Courts determine the amount in controversy in a case by the value of the damages sought in the litigation. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977). The amount may include punitive damages if such damages are recoverable as a matter of state law. Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996). Attorneys' fees are included only if there is direct legal authority authorizing recovery of such fees. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Where the plaintiff's complaint is unclear or ambiguous as to the amount in controversy, the defendant bears the

---

[5] Defendant Gruma also argues that Defendant Figueroa's citizenship is irrelevant because he was fraudulently joined. (Opp'n at 9-10.) The Court need not reach the issue of whether Figueroa was fraudulently joined, because it finds that his citizenship is diverse from Plaintiff's.

6

burden of establishing by a preponderance of the evidence that the plaintiff claims at least $75,000. <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir. 2007).

Here, Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees on claims for (1) wrongful termination in breach of the covenant of good faith and fair dealing; and (2) employment discrimination. (Compl. ¶¶ 19-40, prayer). The Complaint cites California Government Code section 12965(b) as direct authority for recovery of attorneys' fees for claims of employment discrimination. (<u>Id.</u> ¶ 39.)

Defendant Gruma presents evidence that, at the time of her termination on or around March 3, 2006, Plaintiff earned $10.06 per hour. (Isaac-Jones Decl. ¶ 4.) Defendant presents no evidence about how many hours per week Plaintiff worked, but argues that if Plaintiff worked forty hours each week, she would have earned $26,129.68 annually. (Opp'n at 11 n.5.) If this assumption is true, then by March of 2009 Plaintiff's lost earnings alone would total $78,389.04. (<u>Id.</u> at 12.) In addition to lost wages, Plaintiff seeks damages for emotional distress, medical expenses, diminished future earnings, and lost employment benefits. (<u>See</u> Compl. ¶¶ 12-16.)
///

1 | Even assuming Plaintiff worked only part time,
2 | Defendant has proven by a preponderance of the evidence
3 | that her damages for lost earnings could be at least
4 | $39,000. Additionally, Plaintiff's damages for emotional
5 | distress, medical expenses, diminished future earnings,
6 | and lost employment benefits potentially will exceed
7 | $36,000. Finally, the amount in controversy also
8 | includes attorneys' fees and, potentially, punitive
9 | damages. Accordingly, Defendant has met its burden of
10 | establishing that the amount in controversy is at least
11 | $75,000.

### V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Remand.

Dated: August 19, 2008

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge